## ARÁN v. HERNÁNDEZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 692.—Resuelto en junio 6, 1911.

APRECIACIÓN DE LAS PRUEBAS—EXPOSICIÓN DEL CASO—TRANSCRIPCIÓN DEL RÉCORD.—Para que el Tribunal Supremo pueda resolver si la corte sentenciadora cometió o nó error al apreciar las pruebas practicadas, es necesario que dichas pruebas se incluyan todas en una exposición del caso o relación de hechos, preparada de acuerdo con la ley y transcrita luego y elevada en debida forma al Tribunal Supremo.

MEMORANDUM DE COSTAS—NOTIFICACIÓN.—Habiendo comparecido la parte condenada en costas a impugnar en tiempo oportuno el memorandum presentado y habiendo la corte de distrito considerado tal impugnación antes de resolver en definitiva, carece de todo mérito la alegación hecha ante el Tribunal Supremo, de que el memorandum no fué notificado a dicha parte.

ID.—PRESENTACIÓN—COMPUTACIÓN DEL TÉRMINO.—El término que marca la ley para presentar el memorandum de costas, debe computarse de acuerdo con la regla general establecida, excluyendo el primero e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso también será excluído.

ID.—ORDEN APROBATORIA—REVOCACIÓN.—Para que el Tribunal Supremo revoque una orden de una corte de distrito aprobando un memorandum de costas, debe demostrarse claramente que dicha corte infringió alguna ley o cometió alguna injusticia notoria.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Benet.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En el presente caso se interpusieron dos recursos de apelación, uno contra la sentencia de la corte de distrito dictada en el mismo, y otro contra la resolución de la expresada corte relativa a la aprobación del memorandum de costas.

Emilio Arán Cuascú entabló demanda en la Corte de Distrito de Mayagüez contra Agustín Hernandez Mena y otros, a fin de que se ordenara el levantamiento del embargo trabado en ciertos bienes de su propiedad, a los efectos de ejecutar cierta sentencia que el demandado Hernández Mena había obtenido a su favor y en contra de Inocencia Cuascú.

Contestada la demanda y celebrada la vista, la corte de distrito dictó sentencia a favor del demandante con imposición de las costas al demandado Hernández Mena, único que sostuvo el litigio.

Forma parte del récord una exposición del caso en la cual se consigna lo siguiente: "El demandante propuso como prueba una copia de la escritura No. 411 a 17 de agosto de 1904, y otra copia de la No. 256 a 18 de mayo de 1905, sobre venta, autorizadas por el Notario Mariano Riera Palmer."

Dichos documentos no se transcriben ni en todo ni en parte, ni siquiera se mencionan en forma tal que permita a esta Corte Suprema conocer cuál era el objeto de los mismos y qué se intentó probar con ellos, y siendo esto así, no tenemos base para examinar si la sentencia apelada está o nó sostenida por la prueba y si ésta fué o nó apreciada rectamente.

Hemos examinado además las alegaciones y la sentencia y tomando en consideración todas las circunstancias del caso, y, no pudiendo percibir que la corte de distrito haya cometido error fundamental alguno, debemos declarar sin lugar el recurso y confirmar la sentencia apelada.

Examinemos el otro recurso establecido. Dictada sentencia el 29 de diciembre de 1910, se inscribió o registró en el mismo día. En 9 de enero de 1911 el demandante presentó su memorandum de costas, el 18 de enero de 1911 el demandado lo impugnó, y el 21 del propio mes se celebró la vista con la comparecencia de ambas partes y la corte aprobó el memorandum.

Las partidas del memorandum, ascendentes en su totalidad a $123.70 incluyendo honorarios de abogado, fueron todas impugnadas por el demandado por excesivas y por no ser cierto su desembolso. La corte de distrito que conoció del caso y que tenía ante ella la totalidad del récord, resolvió que las partidas del memorandum eran justas y que se habían hecho los desembolsos al aprobar en todas sus partes el memorandum, y como no se nos ha demostrado por el demandado que al resolverlo así la corte de distrito cometiera algún error

de ley o alguna injusticia notaria, no debemos revocar, ni modificar su resolución.

También alegó el demandado para impugnar el memorandum, que éste no le había sido notificado y que había sido archivado fuera del término de ley.

El primer fundamento carece de toda fuerza desde el momento en que el demandado compareció y tuvo oportunidad de presentar su impugnación y la cuestión no fué resuelta hasta después de habérsele oído de acuerdo con la ley. Todo lo que la ley se propone obtener por medio de la notificación, se cumplió en este caso.

Y en cuanto al segundo fundamento, carece también de toda fuerza, dado que siendo domingo el día 8 de enero en que vencían los diez días que la ley concede para presentar el memorandum, el término se entendía vencido, de acuerdo con la ley, el día siguiente o sea el 9 de enero, fecha en que fué archivado el memorandum.

Por virtud de todo lo expuesto, deben declararse sin lugar ambos recursos y confirmarse la sentencia y resolución apeladas.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.